**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Aparicio Cristobal, | No. CV-19-02743-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Alistar Morrison, et al., | |
| Defendants. | |

On April 30, 2019, City of Phoenix and Alistar Morrison ("Defendants") filed a Notice of Removal (Doc. 1), in which they assert that they were served in August/September 2018 with a state court complaint for a case that was not removable at that time, but they learned from Plaintiff's initial disclosure statement—served on April 25, 2019—that the case had become removable. (Doc. 1 ¶ 2.) Defendants quote a section of Plaintiff's initial disclosure statement in which Plaintiff discusses liability under 42 U.S.C. § 1983 and asserts that section 1983 is "implicated by the Defendant." (*Id.* ¶ 8.)

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required," which "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," such that the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* A narrow exception to this rule exists when the state law cause of action is "completely preempted" by federal

law.  *Id.* at 393; *see also id.* at 391 n.4.

Here, no federal question exists on the face of Plaintiff's complaint.  (Doc. 1-3.) Although Plaintiff's initial disclosure statement suggests a possible intention to amend the complaint to include new federal claims, this Court lacks subject-matter jurisdiction unless and until Plaintiff amends his complaint.[1]  Although the removal statute, 28 U.S.C. § 1446(b)(3), identifies several different categories of documents (including "other paper") that may trigger a right of removal, the statute also provides that this right comes into existence only if the particular document demonstrates "that the case is one which *is or has become* removable."  28 U.S.C. § 1446(b)(3) (emphasis added).  Here, Plaintiff's initial disclosure statement didn't show that the case "is or has become" removable.  Instead, it merely reflected that the case *might* become removable in the future, depending on whether Plaintiff chooses to seek leave to amend his complaint, and whether the state court judge permits such an amendment, if sought.  *See, e.g.*, *Sullivan v. Conw*ay, 157 F.3d 1092, 1094 (7th Cir. 1998) ("[Section 1446(b)(3)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens . . . .").[2]  Sometimes the content of "other paper" (such as the initial disclosure statement at issue here) can trigger a right of removal under § 1446(b)(3) as soon as the document is served on the defendant—for example, where a document demonstrates that the amount in controversy is satisfied for diversity jurisdiction, *e.g.*, *Lillard v. Joint Med. Prod.*, 1995 WL 20609 (N.D. Cal. 1995), or where a document

---

[1]    Indeed, even when a plaintiff files a motion to amend a complaint to add federal claims, removal is arguably inappropriate before the motion is granted and the amended complaint is filed.  *See, e.g.*, *Glass v. City of Chattahoochee*, 2016 WL 3128370, *4-6 (N.D. Fla. 2016) ("[I]f a case as initially filed is not removable because it asserts only state law claims, the majority of courts have required a motion to amend the pleading [to add federal claims] be granted prior to removal."); *Torres v. Chevron U.S.A., Inc.*, 2004 WL 2348274, *2 (N.D. Cal. 2004) ("The Ninth Circuit has not ruled on the issue of whether a case can be removed from the state court on the basis of a pending motion to amend a complaint to include federal causes of action. However, 'the courts that have considered the issue have found that removal on the basis of federal claims asserted in a motion to amend the complaint, prior to the court's ruling on the motion, is premature.'") (citation omitted).  Here, Plaintiff has not even taken the step of filing a motion to amend.

[2]    *Accord McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011) ("Simply put, in federal court, there is simply no such thing as 'contingent' subject matter jurisdiction.").

reveals that a state law claim is completely preempted, *e.g.*, *Falahee v. Heide & Cook Ltd.*, 2010 WL 3001918 (D. Haw. 2010), *report and recommendation adopted,* 2010 WL 3398755 (D. Haw. 2010), *aff'd,* 454 F. App'x 584 (9th Cir. 2011). But in this case, the initial disclosure statement asserting Plaintiff's belief that Defendants could be liable under federal law doesn't suffice because Plaintiff has not yet sought and obtained leave to amend his complaint to add federal claims. *Cf. Zamora v. Wells Fargo Home Mortgage*, 831 F. Supp. 2d 1284, 1298-99 (D.N.M. 2011) (motion to amend insufficient until granted).

As such, removal is premature. Therefore, pursuant to 28 U.S.C. § 1447(c), the case must be remanded to state court. *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citations omitted).

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall **remand** this case to the Maricopa County Superior Court and then **terminate** this action.

Dated this 1st day of May, 2019.

_____
Dominic W. Lanza
United States District Judge